Navas v New York Hosp. Med. Ctr. of Queens (2020 NY Slip Op 01069)





Navas v New York Hosp. Med. Ctr. of Queens


2020 NY Slip Op 01069


Decided on February 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
RUTH C. BALKIN
JOHN M. LEVENTHAL, JJ.


2018-06857 
2018-12197
 (Index No. 21680/07)

[*1]Luis Navas, etc., appellant, 
v
New York Hospital Medical Center of Queens, et al., respondents, et al., defendants.


Gary A. Lichtman, New York, NY, for appellant.
Wagner, Doman, Leto & Di Leo, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Katherine Herr Solomon], of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered March 1, 2018, and (2) an order of the same court entered July 5, 2018. The order entered March 1, 2018, granted the motion of the defendants New York Hospital Medical Center of Queens, Terence M. Brady, and Indira Merced to dismiss the complaint insofar as asserted against them pursuant to CPLR 1021, and denied the plaintiff's cross motion, inter alia, to substitute Cecilia Smith as plaintiff. The order entered July 5, 2018, denied the plaintiff's motion for leave to reargue and renew his cross motion, inter alia, to substitute Cecilia Smith as plaintiff and his opposition to the motion of the defendants New York Hospital Medical Center of Queens, Terence M. Brady, and Indira Merced to dismiss the complaint insofar as asserted against them pursuant to CPLR 1021.
ORDERED that the appeal from so much of the order entered July 5, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order entered March 1, 2018, is affirmed; and it is further,
ORDERED that the order entered July 5, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In August 2005, Maria Navas (hereinafter the decedent) was 78 years old and had Stage IV lung cancer. On August 30, 2005, she was admitted to the defendant New York Hospital Medical Center of Queens (hereinafter the hospital) after falling from her wheelchair and injuring her head. While a patient in the hospital, the decedent was given an allegedly excessive dose of Dilaudid. The decedent died on August 31, 2005. Her husband, Luis Navas, was appointed administrator of the decedent's estate.
This action was commenced in August 2007 against, among others, the hospital and the defendants Terence M. Brady and Indira Merced (hereinafter collectively the defendants), alleging negligence, medical malpractice, and wrongful death. In October 2011, the case was administratively marked disposed of for failure to file a note of issue by the appointed time. Luis Navas, the plaintiff in the action in his capacity as administrator of the decedent's estate, died on November 18, 2013.
In April 2017, the plaintiff moved to restore the action to active status and to extend the time to file a note of issue. In an order entered October 4, 2017, the Supreme Court granted the plaintiff's motion. The plaintiff's attorney subsequently informed the hospital's attorney that Luis Navas had died. The defendants then moved to dismiss the complaint insofar as asserted against them pursuant to CPLR 1021 for failure to substitute a new plaintiff. Letters of administration were issued on January 3, 2018, appointing Cecilia Smith as administrator of the decedent's estate. The plaintiff thereafter cross-moved to substitute Cecilia Smith as plaintiff and for related relief.
In an order entered March 1, 2018, the Supreme Court denied the plaintiff's cross motion for substitution and granted the defendants' motion to dismiss the complaint insofar as asserted against them for failing to seek substitution within a reasonable time. The plaintiff moved for leave to reargue and renew with respect to the prior motion and cross motion, submitting in support thereof some of the decedent's prior medical and pharmacy records. In an order entered July 5, 2018, the court denied the plaintiff's motion for leave to renew and reargue. The plaintiff appeals from both the March 1, 2018, order and the July 5, 2018, order.
The plaintiff's appeal from so much of the order entered July 5, 2018, as denied reargument should be dismissed, as no appeal lies from an order denying reargument (see Yanez v Watkins, 164 AD3d 547; Bik-Lung Lee v Nassau Health Care Corp., 162 AD3d 628).
The Supreme Court providently exercised its discretion in granting the defendants' motion to dismiss the complaint insofar as asserted against them and in denying the plaintiff's cross motion for substitution. CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." In determining reasonableness, a court should consider the plaintiff's diligence in seeking substitution, prejudice to the other parties, and whether the action is shown to have potential merit (see Green v Maimonides Med. Ctr., 172 AD3d 824). Even if the plaintiff's explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits (see Tokar v Weissberg, 163 AD3d 1031; Rubino v Krasinski, 54 AD3d 1016).
The plaintiff's contention that the delay in seeking substitution was only six weeks, as measured from the restoration of the case in October 2017 to the making of the plaintiff's cross-motion in January 2018, is without merit. The true measure of delay is more than four years, commencing with the death of the plaintiff in November 2013. In this regard, we note that the death of the plaintiff generally divests the court of jurisdiction and results in a stay of proceedings pending substitution (see Medlock v Dr. William O. Benenson Rehabilitation Pavilion, 167 AD3d 994; Vapnersh v Tabak, 131 AD3d 472), thus rendering reliance by the plaintiff on the October 2017 order of restoration questionable, at best.
There is no indication that counsel for the plaintiff was aware of the plaintiff's death. While it may be that the surviving members of the plaintiff's family were aware of the plaintiff's death, there is no indication on this record that the family was aware of the legal significance of that fact. Nevertheless, there was an unexplained period of inactivity that lasted nearly four years, which reflects a lack of diligence in pursuit of the action.
The defendants have shown sufficient prejudice to their ability to defend this decade-old case. The plaintiff never provided them with authorizations to obtain the medical records of the decedent. As a result, the defendants could not obtain these records, even though, as the plaintiff [*2]acknowledges, due to the decedent's death, the issues of liability and causation will be heavily dependent upon medical records. While the defendants do not dispute having possession of their own medical records, they have been unable to obtain records pertaining to the plaintiff's preexisting conditions. That the plaintiff could supply records from a single medical facility and a single pharmacy does not cure the prejudice in defending allegations regarding treatment rendered 13 years ago. We note that many of the older records (having been created prior to 2005) may no longer be obtainable.
The plaintiff also has not shown that the action has potential merit. The underlying pleadings and bill of particulars do not alone establish the potential merit of the medical malpractice cause of action (see Green v Maimonides Med. Ctr., 172 AD3d 824). A report from the New York State Department of Health, finding that the decedent was given a dose of Dilaudid higher than her usual dosage, is prima facie proof of the facts stated (see Public Health Law § 10; Maldonado v Cotter, 256 AD2d 1073; see also Colao v St. Vincent's Med. Ctr., 65 AD3d 660). However, there is nothing in the plaintiff's submissions showing that the hospital's action in administering a high dose of Dilaudid was a proximate cause of the decedent's death. Without a showing of causation, the plaintiff has failed to show that the action has potential merit, since proximate cause is an essential element of a claim for medical malpractice (see Gilmore v Mihail, 174 AD3d 686). The motion to dismiss the complaint for failure to timely substitute a representative for the deceased plaintiff was therefore properly granted (see Howlander v Lucky Star Grocery, Inc., 153 AD3d 610).
That branch of the plaintiff's motion which was for leave to renew, inter alia, its cross motion for substitution was properly denied. The plaintiff failed to proffer a reasonable justification for failing to present on the original motion the additional facts submitted on the renewal motion (see CPLR 2221[e][2], [3]; Dupree v Westchester County Health Care Corp., 164 AD3d 1211; Hernandez v Nwaishienyi, 148 AD3d 684).
SCHEINKMAN, P.J., RIVERA, BALKIN and LEVENTHAL, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court