Byner v Murray-Taylor (2022 NY Slip Op 05201)

Byner v Murray-Taylor

2022 NY Slip Op 05201

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2018-04761
 (Index No. 19796/12)

[*1]Lonnidell Byner, etc., et al., appellants,
v
Stacey Murray-Taylor, etc., et al., respondents, et al., defendants.

Godosky & Gentile, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for appellants.
Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated February 8, 2018. The order, insofar as appealed from, denied the plaintiffs' motion pursuant to CPLR 2201 and 1021 to lift the stay of this action imposed due to the death of Denise Byner, to substitute Lonnidell Byner, as administrator of the estate of Denise Byner, deceased, as a plaintiff, and pursuant to CPLR 3025(b) for leave to amend the amended complaint to assert a cause of action for wrongful death, and granted the cross motion of the defendants Stacey Murray-Taylor and Emergency Medical Association of New York, P.C., pursuant to CPLR 1021 to dismiss the amended complaint insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2012, the plaintiffs commenced this action, inter alia, to recover damages for medical malpractice in connection to the care rendered to Denise Byner (hereinafter the decedent), who went into cardiac arrest during an intubation performed on November 15, 2010. The decedent remained in a persistent vegetative state until she died on June 26, 2014. The plaintiff Lonnidell Byner (hereinafter Lonnidell) petitioned the Surrogate's Court for voluntary administration of the decedent's estate on July 18, 2014, and received a certificate of voluntary administration. Lonnidell filed a petition for letters testamentary on May 3, 2017, and letters testamentary were ultimately issued on October 10, 2017.
On October 26, 2017, the plaintiffs moved pursuant to CPLR 2201 and 1021 to lift the stay of this action imposed due to the decedent's death, to substitute Lonnidell, as administrator of the decedent's estate, as a plaintiff in place of Lonnidell and Mary Hobson, as co-guardians of the decedent's person and property, and pursuant to CPLR 3025(b) for leave to amend the amended complaint to assert a cause of action to recover damages for wrongful death. The defendants Stacey Murray-Taylor and Emergency Medical Association of New York, P.C. (hereinafter together the defendants), cross-moved pursuant to CPLR 1021 to dismiss the amended complaint insofar as [*2]asserted against them for failure to timely move for substitution. In an order dated February 8, 2018, the Supreme Court, inter alia, denied the plaintiffs' motion and granted the defendants' cross motion. The plaintiffs appeal.
The Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for substitution and granting the defendants' cross motion to dismiss the amended complaint insofar as asserted against them. CPLR 1021 provides as follows: "A motion for substitution may be made by the successors or representatives of a party or by any party. . . . If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate. . . . [I]f the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed" (emphasis added).
In determining reasonableness, a court should consider the plaintiff's diligence in seeking substitution, prejudice to the other parties, and whether the action is shown to have potential merit (see Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796; Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618). Here, Lonnidell's approximately three-year delay in seeking letters testamentary shows a lack of diligence (see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d at 619; Borruso v New York Methodist Hosp., 84 AD3d 1293; Giroux v Dunlop Tire Corp., 16 AD3d 1068). Furthermore, the plaintiffs failed to demonstrate that they had a potentially meritorious cause of action. Neither the attorney affirmation, complaint or amended complaint, nor the certificates of merit submitted by the plaintiffs constituted an affidavit of merit, as the plaintiffs' counsel had no personal knowledge of the facts of this case (see Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356; Lucido v Vitolo, 251 AD2d 383). Where the plaintiffs failed to submit an affidavit of merit and provided no reasonable justification for the delay in petitioning for letters testamentary, the Supreme Court providently exercised its discretion in granting the defendants' cross motion to dismiss the amended complaint insofar as asserted against them, even where the defendants were not prejudiced by the delay in moving for substitution (see Rose v Frankel, 83 AD3d 607).
The plaintiffs' proposed cause of action to recover damages for wrongful death is barred by the two-year statute of limitations for such a cause of action (see EPTL 5-4.1), which was not tolled during the pendency of the application for letters of administration (see Public Adm'r of Kings County v Canada Dry Bottling Co. of N.Y., 16 AD3d 397).
The plaintiffs' remaining contention, raised for the first time on appeal, is not properly before this Court (see Rose v Frankel, 83 AD3d at 607-608).
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court