Hemmings v Rolling Frito-Lay Sales, LP (2023 NY Slip Op 05125)

Hemmings v Rolling Frito-Lay Sales, LP

2023 NY Slip Op 05125

Decided on October 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2021-01173
 (Index No. 700360/13)

[*1]Dorothy Hemmings, plaintiff, 
v
Rolling Frito-Lay Sales, LP, et al., respondents; Reginald Elliot Hemmings, etc., nonparty-appellant.

Law Offices of Michael S. Lamonsoff, PLLC, New York, NY (Stacey Haskel of counsel), for nonparty-appellant.
Richard M. Hunter, PLLC, Hawthorne, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, nonparty Reginald Elliot Hemmings, as administrator of the estate of Dorothy Hemmings, deceased, appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered February 10, 2021. The order denied his motion to lift a stay of the action imposed due to the death of the plaintiff, Dorothy Hemmings, to substitute himself as the party plaintiff in place of Dorothy Hemmings, and to amend the caption accordingly, and granted the defendants' cross-motion pursuant to CPLR 1021 to dismiss the complaint for failure to seek a timely substitution for the deceased plaintiff and pursuant to CPLR 3404 to dismiss the complaint as abandoned.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by nonparty Reginald Elliot Hemmings, as administrator of the estate of Dorothy Hemmings, deceased (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605); and it is further,
ORDERED that the order is reversed, on the law, with costs, the motion of nonparty Reginald Elliot Hemmings, as administrator of the estate of Dorothy Hemmings, deceased, to lift the stay of the action imposed due to the death of the plaintiff, Dorothy Hemmings, to substitute himself as the party plaintiff in place of Dorothy Hemmings, and to amend the caption accordingly is granted, and the defendants' cross-motion pursuant to CPLR 1021 to dismiss the complaint for failure to seek a timely substitution for the deceased plaintiff and pursuant to CPLR 3404 to dismiss the complaint as abandoned is denied.
The plaintiff, Dorothy Hemmings (hereinafter the decedent), commenced this action to recover damages for personal injuries she allegedly sustained in connection with a rear-end collision. By order entered November 4, 2013, the Supreme Court granted the decedent's motion for summary judgment on the issue of liability. On or about March 7, 2014, the decedent filed a note of issue. On March 7, 2015, the decedent died. On March 14, 2019, letters of administration were issued to the decedent's spouse, nonparty Reginald Elliot Hemmings (hereinafter the administrator).
In December 2020, the administrator moved to lift the stay imposed due to the decedent's death, to substitute the administrator as the party plaintiff, and to amend the caption accordingly. The motion was supported by proof that letters of administration were issued to the administrator on March 14, 2019, and that, on or about May 22, 2019, the administrator retained the decedent's counsel to continue with this action on behalf of the decedent's estate. Counsel submitted [*2]an affirmation detailing the efforts taken, and difficulties encountered, with respect to procuring letters of administration following the decedent's death. The defendants opposed the motion and cross-moved pursuant to CPLR 1021 to dismiss the complaint for failure to seek a timely substitution for the deceased plaintiff, arguing that there was an insufficient explanation for the long delay in obtaining letters of administration and seeking substitution of the administrator as the party plaintiff, and pursuant to CPLR 3404 to dismiss the complaint as abandoned. The administrator opposed the cross-motion. By order entered February 10, 2021, the Supreme Court denied the motion and granted the cross-motion.
This appeal ensued, and we reverse.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015(a)" (CitiMortgage, Inc. v Clement, 209 AD3d 971, 972 [internal quotation marks omitted]; see JPMorgan Chase Bank, N.A. v Rosemberg, 90 AD3d 713, 714; Singer v Riskin, 32 AD3d 839, 839-840; Giroux v Dunlop Tire Corp., 16 AD3d 1068, 1069). "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over a deceased party's personal representative or successor (Bossert v Ford Motor Co., 140 AD2d 480, 480; see U & Me Homes, LLC v County of Suffolk, 169 AD3d 853, 855; Horseman Antiques, Inc. v Huch, 50 AD3d 963, 964). The determination of a motion pursuant CPLR 1021 made by the successors or representatives of a party, or by any party, is an exception to a court's lack of jurisdiction upon the death of a party (see Vicari v Kleinwaks, 157 AD3d 975, 977; Vapnersh v Tabak, 131 AD3d 472, 474).
Here, contrary to the Supreme Court's determination, the decedent's counsel sufficiently demonstrated that she represented the administrator and had the legal authority to file the instant motion (see CPLR 1015[a]; 1021; U & Me Homes, LLC v County of Suffolk, 169 AD3d at 855; cf. Vicari v Kleinwaks, 157 AD3d at 977; Vapnersh v Tabak, 131 AD3d at 474).
Further, contrary to the Supreme Court's determination, the circumstances present here did not warrant dismissal of the action based on the delay in substitution of the administrator as the party plaintiff. CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit" (Green v Maimonides Med. Ctr., 172 AD3d 824, 826 [internal quotation marks omitted; see Byner v Murray-Taylor, 208 AD3d 1214, 1216; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619).
Here, the approximately four-year delay in obtaining letters of administration followed by an approximately one-year delay in moving for substitution shows a lack of diligence (see Byner v Murray-Taylor, 208 AD3d at 1216; Rosenblatt v Doe, 172 AD3d 936, 937; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d at 619). However, even if the "explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits" (Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797-98; see Egrini v Brookhaven Mem. Hosp., 133 AD2d 610).
Here, where the decedent was awarded summary judgment on the issue of liability against the defendants, the action has potential merit (see generally Tokar v Weissberg, 163 AD3d 1031, 1033). Further, the defendants provided mere "conclusory allegations of prejudice based solely on the passage of time" (Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 520). This record reflects that the defendants will suffer little or no prejudice as a result of the delay, particularly because this case, which is set for a trial on damages only, is likely to turn on medical records and an extant deposition transcript (see Tokar v Weissberg, 163 AD3d at 1032; Public Adm'r v Levine, 142 AD3d 467, 470).
Since the decedent's death triggered a stay of all proceedings in the action pending substitution of a legal representative, the Supreme Court should not have issued an order directing dismissal of the action pursuant to CPLR 3404 in the absence of such substitution (see Medlock v [*3]Dr. William O. Benenson Rehabilitation Pavilion, 167 AD3d 994, 996). In any event, CPLR 3404 is not applicable because the case was not marked off or stricken from the trial calendar (see Buczek v Dell & Little, LLP, 127 AD3d 1121, 1124; Berde v North Shore-Long Is. Jewish Health Sys., Inc., 98 AD3d 932, 933).
Accordingly, the Supreme Court should have granted the motion, inter alia, to substitute the administrator as the party plaintiff and denied the defendants' cross-motion.
The administrator's remaining contention need not be reached in light of our determination.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court