Lee v Leeds, Morelli & Brown, P.C. (2024 NY Slip Op 06624)

Lee v Leeds, Morelli & Brown, P.C.

2024 NY Slip Op 06624

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
LAURENCE L. LOVE, JJ.

2020-08840
 (Index No. 8651/05)

[*1]Cheryl Lee, etc., et al., appellants, 
v
Leeds, Morelli & Brown, P.C., et al., respondents, et al., defendants.

Folkenflik & McGerity LLP, New York, NY (Max Folkenflik of counsel), for appellants.
Leeds Brown Law, P.C., Carle Place, NY (Andrew Costello, Brandon Okano, Rick Ostrove, sued herein as Frederick David Ostrove, pro se, and Jeffrey Brown, sued herein as Jeffrey K. Brown, pro se, of counsel), for respondents Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, Leeds, Morelli & Brown, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederick David Ostrove, and Robert John Valli, Jr.
Proskauer Rose LLP, New York, NY (Lawrence Sandak and Matthew J. Morris of counsel), for respondent Bear, Stearns & Co., Inc.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for legal malpractice and fraud, the plaintiff Cheryl Lee and purportedly Charles Roe appeal from an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated September 30, 2020. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated January 8, 2020, granting those branches of the motion of the defendants Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, Leeds, Morelli & Brown, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederick David Ostrove, and Robert John Valli, Jr., which were pursuant to CPLR 3211(a) to dismiss the first, third, and sixth causes of action and denying, as academic, a cross-motion to substitute the administrator of the estate of Charles Roe as a plaintiff in place of Charles Roe.
ORDERED that the purported appeal by Charles Roe is dismissed on the ground that the attorney who filed a notice of appeal for the deceased plaintiff, Charles Roe, lacked authority to act on his behalf; and it is further,
ORDERED that so much of the order dated January 8, 2020, as granted the motion of the defendants Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, Leeds, Morelli & Brown, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederick David Ostrove, and Robert John Valli, Jr., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them and the separate motion of the defendant Bear, Stearns & Co., Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is vacated; and it is further,
ORDERED that so much of the order dated September 30, 2020, as granted that [*2]branch of the motion of the plaintiff Cheryl Lee, and purportedly Charles Roe, which was for leave to reargue the opposition to the motion of the defendants Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, Leeds, Morelli & Brown, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederick David Ostrove, and Robert John Valli, Jr., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them, and the separate motion of the defendant Bear, Stearns & Co., Inc., pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and, upon reargument, adhered to the determination in the order dated January 8, 2020, granting those motions, is vacated; and it is further,
ORDERED that the appeal by the plaintiff Cheryl Lee from so much of the order dated September 30, 2020, as, upon reargument, adhered to the determination in the order dated January 8, 2020, granting those branches of the motion of the defendants Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, Leeds, Morelli & Brown, Lenard Leeds, Steven A. Morelli, Jeffrey K. Brown, James Vagnini, Frederick David Ostrove, and Robert John Valli, Jr., which were pursuant to CPLR 3211(a) to dismiss the first, third, and sixth causes of action is dismissed; and it is further,
ORDERED that the order dated September 30, 2020, is reversed insofar as reviewed on the appeal by the plaintiff Cheryl Lee, on the law and in the exercise of discretion, and, upon reargument, so much of the order dated January 8, 2020, as denied, as academic, the cross-motion to substitute the administrator of the estate of Charles Roe as a plaintiff in place of Charles Roe is vacated, and thereupon, the cross-motion is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Cheryl Lee, payable by the respondents appearing separately and filing separate briefs.
In 2001, Cheryl Lee and Charles Roe (hereinafter Roe) retained the defendant Leeds Morelli & Brown (hereinafter LMB) to represent them with respect to employment discrimination claims against the defendant Bear, Stearns & Co., Inc. (hereinafter Bear Stearns). On March 6, 2002, and March 7, 2002, Lee and Roe, respectively, executed agreements settling their claims against Bear Stearns and releasing Bear Stearns from liability for specified amounts.
On March 23, 2005, Lee and Roe commenced this action, individually and purportedly on behalf of class members similarly situated, against LMB, Leeds, Morelli & Brown, P.C., Leeds Morelli & Brown, LLP, six of LMB's attorneys (hereinafter collectively the LMB defendants), and Bear Stearns, among others. The complaint alleged that LMB secretly entered into an agreement with Bear Stearns to resolve alleged employment discrimination claims through a global settlement process that would cap recovery by employees and protect Bear Stearns from negative publicity and liability for a number of employment discrimination claims, including claims of retaliation against employees who pursued employment discrimination claims against Bear Stearns. The complaint further alleged that, upon reaching such an agreement with Bear Stearns for a large payment to LMB, LMB recruited Lee, Roe, and other employees with valid employment discrimination claims, falsely agreeing to litigate the employment discrimination claims, and steered Lee, Roe, and the other employees into the global settlement process where they were advised to waive judicial and administrative remedies for a settlement amount that ultimately was very small. The first, third, and sixth causes of action sought to recover damages for breach of fiduciary duty, fraud, and legal malpractice, respectively, against the LMB defendants.
During the pendency of the action, Roe died. On February 14, 2018, Deborah Roe (hereinafter the administrator) obtained letters of administration to administer Roe's estate.
Thereafter, the LMB defendants and Bear Stearns separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. Lee, and purportedly Roe, cross-moved to substitute the administrator as a plaintiff in place of Roe. In an order dated January 8, 2020, the Supreme Court granted the motions of the LMB defendants and Bear Stearns, and denied, as academic, the cross-motion.
Lee, and purportedly Roe, moved, among other things, for leave to reargue the opposition to those branches of the LMB defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, third, and sixth causes of action and the cross-motion. In an order dated September 30, 2020, the Supreme Court, inter alia, upon reargument, adhered to its prior determination granting those branches of the LMB defendants' motion and denying the cross-motion. Lee, and purportedly Roe, appeal.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made pursuant to CPLR 1015 (a)[, and] any determination rendered without such substitution will generally be deemed a nullity" (Singer v Riskin, 32 AD3d 839, 839-840 [citations omitted]; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757; Vicari v Kleinwaks, 157 AD3d 975, 976). Here, the Supreme Court erred in considering the separate motions of the LMB defendants and Bear Stearns pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them because the motions were made after Roe's death and prior to any substitution of a personal representative of his estate (see id. § 1015; Matter of Einstoss, 26 NY2d 181; Neuman v Neumann, 85 AD3d 1138, 1139; Manto v Cerbone, 71 AD3d 1099, 1100). Accordingly, so much of the order dated January 8, 2020, as granted the separate motions of the LMB defendants and Bear Stearns pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them must be vacated as a nullity (see CPLR 1015; Matter of Einstoss, 26 NY2d 181; Neuman v Neumann, 85 AD3d 1138), and the appeal taken by the plaintiff Cheryl Lee from so much of the order dated September 30, 2020, as, upon reargument, adhered to the determination in the order dated January 8, 2020, granting those branches of the LMB defendants' motion which were pursuant to CPLR 3211(a) to dismiss the first, third, and sixth causes of action must be dismissed.
Furthermore, the death of a party also terminates an attorney's authority to act on behalf of the deceased party (see Vicari v Kleinwaks, 157 AD3d at 976; Vapnersh v Tabak, 131 AD3d 472, 474; Lewis v Kessler, 12 AD3d 421, 422). Thus, Roe's former attorneys lacked the authority to file either the cross-motion or this appeal on his behalf. Accordingly the appeal purportedly taken on Roe's behalf must be dismissed (see Vicari v Kleinwaks, 157 AD3d 975).
The determination of a motion for substitution pursuant to CPLR 1021 brought by the successors or representatives of a party or by any party is an exception to the court's lack of jurisdiction upon the death of a party (see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 756; Vicari v Kleinwaks, 157 AD3d at 977). The Supreme Court should not have denied, as academic, the cross-motion to substitute the administrator of the estate of Charles Roe as a plaintiff in place of Charles Roe insofar as the cross-motion was brought by Lee. Since the parties fully briefed the merits of that issue, we address the cross-motion in the interest of judicial economy (see Sanchez v Tropp, 219 AD3d 1547, 1548; Skeldon v Faessler, 219 AD3d 851, 853).
CPLR 1021 provides in relevant part that a motion for substitution may be made by any party to the action, and that such a motion must be made "within a reasonable time." The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether it has been shown that the action or defense has potential merit (see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757; Reed v Grossi, 59 AD3d 509, 511). Even if the explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action or defense, in light of the strong public policy in favor of disposing of matters on the merits (see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757; Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797-798; Egrini v Brookhaven Mem. Hosp., 133 AD2d 610, 610).
Here, considering the delay following Roe's death in obtaining letters of administration and in moving for substitution, the record does not establish diligence in seeking substitution (see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757; Byner v Murray-Taylor, 208 AD3d 1214, 1216; Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d at 798). Nevertheless, there has been no prejudice to the defendants (see Hemmings v Rolling Frito-Lay [*3]Sales, LP, 220 AD3d at 757; Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 520; Tokar v Weissberg, 163 AD3d 1031, 1032; Egrini v Brookhaven Mem. Hosp., 133 AD2d at 610).
Moreover, Lee established potential merit to the action sufficient to warrant substitution. In this respect, and contrary to the LMB defendants' contention, the legal malpractice cause of action was not time-barred. A cause of action to recover damages for legal malpractice must be commenced within three years from the time of accrual (see CPLR 203[a]; 214[6]). "A legal malpractice claim accrues when all the facts necessary to the cause of action have occurred and an injured party can obtain relief in court" (McCoy v Feinman, 99 NY2d 295, 301 [internal quotation marks omitted]). Here, the legal malpractice claims accrued, at the latest, on March 6, 2002, and March 7, 2002, when Lee and Roe, respectively, executed agreements to settle their employment discrimination claims and release Bear Stearns for specified amounts (see Zorn v Gilbert, 8 NY3d 933, 934; Amodeo v Kolodny, P.C., 35 AD3d 773, 774). Pursuant to the doctrine of continuous representation, the statute of limitations is tolled for the period following the alleged malpractice until the attorney's ongoing representation of the client on the particular matter is completed (see Grace v Law, 24 NY3d 203, 212; Shumsky v Eisenstein, 96 NY2d 164, 167-168; Farage v Ehrenberg, 124 AD3d 159, 164). Here, Lee established that LMB's representation on the employment discrimination claims continued at least through March 29, 2002 (see Zorn v Gilbert, 8 NY3d at 934; Shumsky v Eisenstein, 96 NY2d at 170-171; Amodeo v Kolodny, P.C., 35 AD3d at 774; see also Grace v Law, 24 NY3d at 212). The legal malpractice cause of action, therefore, was not time-barred.
Since the action has potential merit, and in light of the strong public policy favoring the resolution of actions on the merits and the lack of any prejudice to the defendants, the cross-motion to substitute the administrator of the estate of Charles Roe as a plaintiff in place of Charles Roe should have been granted (see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757; Petion v New York City Health & Hosps. Corp., 175 AD3d at 520; Tokar v Weissberg, 163 AD3d at 1033; Reed v Grossi, 59 AD3d at 511).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, MALTESE and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court