Linyard v Long Is. Coll. Hosp. (2025 NY Slip Op 00085)

Linyard v Long Is. Coll. Hosp.

2025 NY Slip Op 00085

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-03121
 (Index No. 16286/14)

[*1]Diane Linyard, etc., appellant, 
v
Long Island College Hospital, et al., respondents.

Sheryl R. Menkes (Horn Appellate Group, New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacob B. Sher and Brennan P. Breeland of counsel), for respondents Rutland Nursing Home Company, Inc., and Kingsbrook Medical Center.
Amabile & Erman, P.C., White Plains, NY (Nicole A. Callahan of counsel), for respondents River Manor Corporation and Atrium Center for Rehabilitation and Nursing.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Consuelo Mallafre Melendez, J.), dated March 9, 2023. The order granted the separate motions of the defendants River Manor Corporation and Atrium Center for Rehabilitation and Nursing, the defendant Long Island College Hospital, and the defendants Rutland Nursing Home Company, Inc., and Kingsbrook Medical Center pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them, and denied the plaintiff's cross-motion pursuant to CPLR 2201 and 1021 to lift the stay of this action imposed due to the death of the plaintiff, and to substitute Michael Linyard, as administrator of the estate of Martha A. Linyard, deceased, as a plaintiff.
ORDERED that the order is affirmed, with one bill of costs.
In November 2014, the plaintiff, individually and as administrator of the estate of Martha A. Linyard (hereinafter the decedent), commenced this action, inter alia, to recover damages for medical malpractice in connection with the care rendered to the decedent while the decedent was a patient at facilities operated by the defendants. The plaintiff died on June 2, 2020. Although Michael Linyard was appointed as voluntary administrator of the plaintiff's estate on July 23, 2020, the plaintiff's former counsel, who was now counsel to the plaintiff's estate, did not notify the Supreme Court of the plaintiff's death until April 30, 2021. In August 2022, Michael Linyard submitted an application to replace the plaintiff as the administrator of the decedent's estate. The application for letters of administration was granted on February 9, 2023.
In December 2022 and January 2023, the defendants River Manor Corporation and Atrium Center for Rehabilitation and Nursing (hereinafter together the River Manor defendants), the defendant Long Island College Hospital (hereinafter LICH), and the defendants Rutland Nursing [*2]Home Company, Inc., and Kingsbrook Medical Center (hereinafter together the Rutland defendants) separately moved pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them. The plaintiff cross-moved pursuant to CPLR 2201 and 1021 to lift the stay of this action imposed due to the death of the plaintiff, and to substitute Michael Linyard, as administrator of the estate of the decedent, as a plaintiff. In an order dated March 9, 2023, the Supreme Court granted the defendants' separate motions and denied the plaintiff's cross-motion. The plaintiff appeals.
The Supreme Court providently exercised its discretion in granting the separate motions of the River Manor defendants, LICH, and the Rutland defendants pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them and denying the plaintiff's cross-motion pursuant to CPLR 2201 and 1021 to lift the stay of this action imposed due to the death of the plaintiff, and to substitute Michael Linyard, as administrator of the estate of the decedent, as a plaintiff. "A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over a deceased party's successors in interest, and such motion "is not a mere technicality" (Bossert v Ford Motor Co., 140 AD2d 480, 480; see Matter of Einstoss, 26 NY2d 181, 189-190; Green v Maimonides Med. Ctr., 172 AD3d 824). CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit" (Green v Maimonides Med. Ctr., 172 AD3d at 826 [internal quotation marks omitted]; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757).
Here, the record does not support a finding that the plaintiff's former counsel or Michael Linyard diligently sought to substitute a representative for the plaintiff, as a representative of the decedent's estate, after the plaintiff's death. The proffered explanations for Michael Linyard's delay in obtaining letters of administration were unsubstantiated and insufficient to constitute a reasonable excuse. Furthermore, the plaintiff did not submit an affidavit of merit to demonstrate the potential merit of this action. Where the plaintiff failed to submit an affidavit of merit and provided no reasonable justification for the delay in obtaining letters of administration, the Supreme Court providently exercised its discretion in granting the defendants' separate motions pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against each of them, even where the defendants were not prejudiced by the delay in moving for substitution (see Bryner v Murray-Taylor, 208 AD3d 1214; Rose v Frankel, 83 AD3d 607).
DILLON, J.P., GENOVESI, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court