Barnes v Wartburg Receiver, LLC (2025 NY Slip Op 02901)

Barnes v Wartburg Receiver, LLC

2025 NY Slip Op 02901

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-01528
 (Index No. 9230/15)

[*1]Dorothy Barnes, etc., respondent,
v
Wartburg Receiver, LLC, etc., appellant.

Caitlin Robin & Associates, PLLC, New York, NY (Caitlin A. Robin and Mark A. Laughlin of counsel), for appellant.
Glenn Verchick (Berson & Budashewitz, LLP, New York, NY [Jeffrey A. Berson], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Robin S. Garson, J.), dated January 9, 2023. The order denied the defendant's motion pursuant to CPLR 1021 to dismiss the amended complaint and granted the cross-motion of Dorothy Barnes, as temporary administrator of the estate of Janie M. Johnson, deceased, to lift the stay of the action imposed due to the death of Janie M. Johnson, to substitute Dorothy Barnes as the plaintiff, and to amend the caption accordingly.
ORDERED that the order is affirmed, with costs.
Janie M. Johnson (hereinafter the decedent) commenced this action to recover damages for personal injuries she allegedly sustained while she was a resident of a nursing home operated by the defendant, Wartburg Receiver, LLC. On or about February 8, 2017, the decedent died. In April 2018, a petition for probate and letters of administration of the decedent's estate was filed in the Surrogate's Court. Following delays caused in part by the COVID-19 pandemic, on February 24, 2022, temporary letters of administration were issued to Dorothy Barnes (hereinafter the administrator). In March 2022, the defendant moved pursuant to CPLR 1021 to dismiss the amended complaint for failure to seek a timely substitution for the decedent. The administrator opposed the defendant's motion and cross-moved to lift the stay of the action imposed due to the death of the decedent, to substitute herself as the plaintiff, and to amend the caption accordingly. By order dated January 9, 2023, the Supreme Court denied the defendant's motion and granted the administrator's cross-motion. The defendant appeals.
CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "'The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit'" (Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757, quoting Green v Maimonides Med. Ctr., 172 AD3d 824, 826; see Byner v Murray-Taylor, 208 AD3d 1214, 1216).
Here, the record supports a finding that the administrator diligently sought substitution for the decedent (see Tokar v Weissberg, 163 AD3d 1031, 1032). Moreover, even if the "'explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits'" (Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757, quoting Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797-798).
Here, the administrator demonstrated that there was no prejudice to the defendant because the defendant possessed authorizations to obtain the decedent's medical records prior to her death (cf. Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 520; Tokar v Weissberg, 163 AD3d at 1032). In opposition, the defendant submitted only "conclusory allegations of prejudice based solely on the passage of time" (Petion v New York City Health & Hosps. Corp., 175 AD3d at 520; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757). The administrator also demonstrated the existence of potentially meritorious causes of action through the submission of her expert's affidavit of merit and the pleadings (see Petion v New York City Health & Hosps. Corp., 175 AD3d at 520).
Accordingly, in light of the strong public policy favoring the resolution of actions on the merits, and the lack of any prejudice to the defendant, the Supreme Court properly denied the defendant's motion pursuant to CPLR 1021 to dismiss the amended complaint and granted the administrator's cross-motion to lift the stay of the action imposed due to the death of the decedent, to substitute herself as the plaintiff, and to amend the caption accordingly.
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court