Dagastino v Crown Container, Inc. (2025 NY Slip Op 04627)

Dagastino v Crown Container, Inc.

2025 NY Slip Op 04627

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-12206
 (Index No. 708779/23)

[*1]John Dagastino, et al., appellants, 
v
Crown Container, Inc., et al., respondents.

Frank J. Dito, Jr., Staten Island, NY, for appellants.
Molod Spitz & DeSantis, P.C., New York, NY (David B. Owens of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Suzanne Dagastino and purportedly John Dagastino appeal from an order of the Supreme Court, Queens County (Pam B. Jackman Brown, J.), dated September 18, 2023. The order, insofar as appealed from, denied those branches of the motion of the plaintiff Suzanne Dagostino which were pursuant to CPLR 1015 and 1021 for leave to substitute herself, as administrator of the estate of John Dagostino, deceased, as a plaintiff in this action in place of John Dagostino, to restore the action to the trial calendar, and for leave to refile a note of issue.
ORDERED that the appeal purportedly taken by the plaintiff John Dagostino is dismissed; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the plaintiff Suzanne Dagostino which was pursuant to CPLR 1015 and 1021 for leave to substitute herself, as administrator of the estate of John Dagostino, deceased, as a plaintiff in this action in place of John Dagostino, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff Suzanne Dagostino; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Suzanne Dagostino.
The appeal purportedly taken by the plaintiff John Dagostino must be dismissed, as that plaintiff was deceased at the time the appeal was taken (see Green v Maimonides Med. Ctr., 172 AD3d 824, 825; Aurora Bank FSB v Albright, 137 AD3d 1177, 1178).
In 2012, John Dagostino (hereinafter the injured plaintiff), and his wife, Suzanne Dagostino, suing derivatively (hereinafter the surviving plaintiff), commenced this action by summons and verified complaint to recover damages for injuries allegedly sustained by the injured plaintiff in a motor vehicle collision on April 28, 2011.
In 2014, the Supreme Court denied the defendants' motion for summary judgment dismissing the complaint, and the matter was scheduled for trial. Shortly before the trial was set to commence, the defendants' attorney moved to be relieved as counsel, which ultimately resulted in [*2]a substitution of the defendants' counsel and the court's vacatur of the note of issue on or about January 5, 2015. The parties thereafter entered into a so-ordered stipulation dated February 17, 2016, to complete certain additional discovery. In an order dated May 4, 2018, the court, inter alia, denied, without prejudice, the plaintiffs' motion to restore the action to the trial calendar due to outstanding discovery and ordered the parties upon the completion of discovery to so stipulate and to present said stipulation to the trial scheduling part for an order permitting the filing of a new note of issue and a new trial date.
On or about October 19, 2017, the Superintendent of Financial Services of the State of New York (hereinafter the Superintendent) commenced a proceeding in the Supreme Court, New York County, among other things, to declare the defendants' insurer, Park Insurance Company, insolvent and for the Superintendent to be appointed to liquidate Park Insurance Company (hereinafter the liquidation proceeding). At the time of the commencement of the liquidation proceeding, the Supreme Court in that proceeding imposed a stay of all actions and proceedings against Park Insurance Company and its insureds. The record reflects that the stay imposed in the liquidation proceeding remained in effect until at least May 2021.
In January 2019 and May 2019, the plaintiffs' counsel sent email correspondence to the defendants' counsel in an effort to schedule an additional deposition and medical examination of the injured plaintiff. The defendants' counsel responded by apologizing for the delay in rescheduling discovery and by noting that the stay imposed by the liquidation proceeding had placed the cases involving Park Insurance Company "in a state of limbo."
On June 21, 2019, the injured plaintiff died. On April 19, 2021, the surviving plaintiff petitioned the Surrogate's Court, Richmond County, for limited letters of administration, which were granted on April 27, 2021. On May 11, 2021, the plaintiffs' counsel informed the defendants' counsel that the surviving plaintiff had been appointed administrator of the injured plaintiff's estate and wished to continue this action and asked the defendants' counsel to stipulate to amending the caption. The defendants' attorney responded that he would re-familiarize himself with the case, further noting that the action was stayed "anyway" due to the pending liquidation proceeding. The record does not reflect any further correspondence between counsel.
On March 9, 2023, the surviving plaintiff moved by order to show cause, inter alia, pursuant to CPLR 1015 and 1021 for leave to substitute herself, as administrator of the estate of the injured plaintiff, deceased, as a plaintiff in place of the injured plaintiff, to restore the action to the trial calendar, and for leave to refile a note of issue. The defendants opposed the motion. The Supreme Court denied the motion, and the plaintiffs appeal.
CPLR 1021 requires a motion for substitution to be made within a reasonable time (see Reed v Grossi, 59 AD3d 509, 511). "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit" (Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619; see Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797).
Here, the gap of approximately two years between the injured plaintiff's death and the appointment of an administrator, as well as the subsequent approximate two-year gap until the motion for substitution, evidence a lack of diligence (see Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d at 619). "However, even if the 'explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits'" (Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757, quoting Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d at 797-798).
Here, the surviving plaintiff's motion included the complaint verified by the injured plaintiff, which may be accepted in lieu of an affidavit of merit (see A & J Concrete Corp. v Arker, 54 NY2d 870, 872; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356), and which demonstrated the potential merit of the claim. Further, the defendants provided mere "conclusory [*3]allegations of prejudice based solely on the passage of time" (Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 520; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757). The matter had been previously set for trial before the substitution of the defendants' counsel, the matter was stayed for several years through no fault of the surviving plaintiff due to the liquidation proceeding, and the defendants contributed to any prejudice they may have suffered by their failure to respond to the inquiries of the plaintiffs' counsel.
Under the circumstances presented and in light of the strong public policy that matters should be disposed of on the merits (see White v Diallo, 156 AD3d 664, 665; Reed v Grossi, 59 AD3d at 511), the Supreme Court improvidently exercised its discretion in denying that branch of the surviving plaintiff's motion which was for leave to substitute herself, as administrator of the estate of the injured plaintiff, deceased, as a plaintiff in place of the injured plaintiff (see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757; Petion v New York City Health & Hosps. Corp., 175 AD3d at 520; Maspeth Fed. Sav. & Loan Assn. v Simon-Erdan, 67 AD3d 750, 751).
The surviving plaintiff's remaining contentions are without merit.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court