Williams v State of New York (2026 NY Slip Op 00939)

Williams v State of New York

2026 NY Slip Op 00939

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-12301

[*1]Charles Williams, etc., claimant,
vState of New York, respondent; Winston Stanley Lewis, etc., nonparty-appellant. (Claim No. 131122)

Koss & Schonfeld, LLP, New York, NY (Jacob J. Schindelheim and Graig A. Russo of counsel), for nonparty-appellant.
Letitia James, Attorney General, New York, NY (Mark S. Grube and David Lawrence III of counsel), for respondent.

DECISION & ORDER
In a claim, inter alia, to recover damages for medical malpractice, nonparty Winston Stanley Lewis, as administrator of the estate of Charles Williams, deceased, appeals from an order of the Court of Claims (Javier E. Vargas, J.), dated December 8, 2022. The order, insofar as appealed from, denied those branches of that nonparty's motion which were to vacate an order of the same court (Faviola A. Soto, J.) dated September 9, 2019, directing dismissal of the claim and, in effect, pursuant to CPLR 1021 to lift a stay of the claim imposed due to the death of the claimant, Charles Williams, and substitute Winston Stanley Lewis, as executor of the estate of Hazel Williams, deceased, and individually, as the claimant in place of Charles Williams, and granted the defendant's cross-motion pursuant to CPLR 1021 and Court of Claims Act § 15 to dismiss the claim.
ORDERED that the on the Court's own motion, the notice of appeal is deemed to be a notice of appeal by nonparty Winston Stanley Lewis, as executor of the estate of Charles Williams, deceased (see CPLR 2001; Matter of Tagliaferri v Weiler, 1 NY3d 605; Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754); and it is further,
ORDERED that the order is affirmed insofar as appealed from, with costs.
In March 2018, the claimant, individually and as administrator of the estate of Hazel Williams (hereinafter Hazel), commenced this claim, inter alia, to recover damages for medical malpractice against the defendant, State of New York, in connection with the care rendered to Hazel while she was a patient at SUNY Downstate Medical Center. The claimant died on July 10, 2018. On October 26, 2018, nonparty Winston Stanley Lewis (hereinafter the claimant's executor) was appointed as executor of the claimant's estate. After the claimant's counsel failed to appear at conferences scheduled for April 29, 2019, and September 9, 2019, the Court of Claims, in an order dated September 9, 2019, directed dismissal of the claim pursuant to Court of Claims Act § 19(3) and 22 NYCRR 206.10.
In November 2020, the claimant's executor moved, inter alia, to vacate the order dated September 9, 2019, and, in effect, pursuant to CPLR 1021 to lift the stay of the claim imposed [*2]due to the death of the claimant and substitute the claimant's executor, as executor of Hazel's estate and individually, as the claimant. The State cross-moved pursuant to CPLR 1021 and Court of Claims Act § 15 to dismiss the claim. In an order dated December 8, 2022, the Court of Claims, among other things, denied those branches of the motion of the claimant's executor and granted the State's cross-motion. This appeal ensued.
The Court of Claims providently exercised its discretion in denying those branches of the motion of the claimant's executor which were to vacate the order dated September 9, 2019, and, in effect, pursuant to CPLR 1021 to lift the stay of the claim imposed due to the death of the claimant and substitute the claimant's executor as the claimant, and granting the State's cross-motion pursuant to CPLR 1021 and Court of Claims Act § 15 to dismiss the claim.
"A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over a deceased party's successors in interest, and such motion "is not a mere technicality" (Bossert v Ford Motor Co., 140 AD2d 480, 480; see Matter of Einstoss, 26 NY2d 181, 189-190; Green v Maimonides Med. Ctr., 172 AD3d 824). Court of Claims Act § 15 imposes a duty on the personal representative of a deceased claimant to secure an order of substitution within six months of becoming the personal representative of the deceased claimant. CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit" (Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757 [internal quotation marks omitted]; Green v Maimonides Med. Ctr., 172 AD3d at 826 [internal quotation marks omitted]).
Here, the record does not support a finding that the claimant's former counsel or the claimant's executor diligently sought to substitute a representative for the claimant as a representative of the claimant's estate after the claimant's death. Furthermore, the affidavit of merit of the claimant's medical expert was conclusory, as the expert did not allege any deviation or departure from accepted community standards of practice committed by the State and failed to cite any evidence that any such departures were a proximate cause of Hazel's injuries (see Hiegel v Orange Regional Med. Ctr., 219 AD3d 910, 912). In light of the foregoing, the Court of Claims providently exercised its discretion in granting the State's motion pursuant to CPLR 1021 and Court of Claims Act § 15 to dismiss the claim (see Byner v Murray-Taylor, 208 AD3d 1214; Rose v Frankel, 83 AD3d 607).
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court