Tollinchi v Jamaica Hosp. Med. Ctr. (2023 NY Slip Op 02554)

Tollinchi v Jamaica Hosp. Med. Ctr.

2023 NY Slip Op 02554

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2021-05968
 (Index No. 7909/12)

[*1]Antonia Tollinchi, etc., plaintiff, 
v
Jamaica Hospital Medical Center, et al., appellants, et al., defendant; nonparty Walter Pozo, etc., nonparty-respondent.

Martin Clearwater & Bell LLP, East Meadow, NY (Gregory A. Cascino and Karen B. Corbett of counsel), for appellants.
Law Office of Miriam Jimenez & Associates, P.C., New York, NY (John Tumelty of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, the defendants Jamaica Hospital Medical Center and John Boccio appeal from an order of the Supreme Court, Kings County (Genine D. Edwards, J.), dated July 12, 2021. The order granted that branch of the motion of nonparty Walter Pozo which was for leave to renew (1) his prior motion, in effect, to be substituted as the plaintiff in the action and to amend the caption accordingly, and thereupon, to restore the action to active status and to vacate the stay of the action, which had been denied in an order of the same court dated December 14, 2020, and (2) his opposition to that branch of the prior cross-motion of the defendants Jamaica Hospital Medical Center and John Boccio which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against them for failure to seek a timely substitution for the deceased plaintiff, which had been granted in the order dated December 14, 2020, and, upon renewal, in effect, vacated the order dated December 14, 2020, and thereupon granted the prior motion and denied that branch of the prior cross-motion.
ORDERED that the order dated July 12, 2021, is reversed, on the law, with costs, that branch of the motion of nonparty Walter Pozo which was for leave to renew (1) his prior motion, in effect, to be substituted as the plaintiff in the action and to amend the caption accordingly, and thereupon, to restore the action to active status and to vacate the stay of the action, and (2) his opposition to that branch of the prior cross-motion of the defendants Jamaica Hospital Medical Center and John Boccio which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against them for failure to seek a timely substitution for the deceased plaintiff is denied, and the order dated December 14, 2020, is reinstated.
In 2012, Antonia Tollinchi, individually and as the administrator of the estate of Julia Pozo (hereinafter Julia), commenced this action against Jamaica Hospital Medical Center (hereinafter the hospital), John Boccio, and Carl Smith to recover damages for medical malpractice and wrongful death. Tollinchi died in 2015. This action was subsequently stayed, and in 2016, it was marked disposed. In 2018, Walter Pozo (hereinafter Walter) was appointed the administrator of Julia's estate, replacing Tollinchi. In 2020, Walter, in effect, moved to be substituted as the plaintiff in the action and to amend the caption accordingly, and thereupon, to restore the action to [*2]active status and to vacate the stay of the action. The hospital and Boccio cross-moved to dismiss the complaint insofar as asserted against them. In an order dated December 14, 2020, the Supreme Court denied Walter's motion and granted that branch of the cross-motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against the hospital and Boccio for failure to seek a timely substitution for Tollinchi.
Walter subsequently moved for leave to renew and reargue his prior motion and his opposition to that branch of the prior cross-motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against the hospital and Boccio. In an order dated July 12, 2021, the Supreme Court granted that branch of Walter's motion which was for leave to renew and, upon renewal, in effect, vacated the order dated December 14, 2020, and thereupon granted Walter's prior motion and denied that branch of the prior cross-motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against the hospital and Boccio. The hospital and Boccio appeal.
"A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][2], [3]). "CPLR 2221(e) has not been construed so narrowly as to disqualify, as new facts not offered on the prior motion, facts contained in a document originally rejected for consideration because the document was not in admissible form" (Defina v Daniel, 140 AD3d 825, 826 [internal quotation marks omitted]). However, "[w]hile it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Seegopaul v MTA Bus Co., 210 AD3d 715, 716). "Thus, the court lacks discretion to grant renewal where the moving party omits a reasonable justification for failing to present the new facts on the original motion" (id. at 716). "While law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion, the movant must submit supporting facts to explain and justify the failure, and mere neglect is not accepted as a reasonable excuse" (id.).
"If a party dies and the claim for or against him [or her] is not thereby extinguished the court shall order substitution of the proper parties" (CPLR 1015[a]). "A motion for substitution may be made by the successors or representatives of a party or by any party" (id. § 1021). "If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made" (id.). "In determining reasonableness, a court should consider the plaintiff's diligence in seeking substitution, prejudice to the other parties, and whether the action is shown to have potential merit" (Byner v Murray-Taylor, 208 AD3d 1214, 1216). "Even if the plaintiff's explanation for the delay is not satisfactory, the court may still grant the motion for substitution if there is no showing of prejudice and there is potential merit to the action, in light of the strong public policy in favor of disposing of matters on the merits" (Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797-798).
Here, the Supreme Court erred in granting Walter leave to renew his prior motion and his opposition to that branch of the prior cross-motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against the hospital and Boccio. The court correctly found that it could consider the expert's affidavit proffered by Walter on the renewal motion pursuant to Defina v Daniel (140 AD3d at 826). However, that affidavit did not warrant granting leave to renew, as it was not sufficient to change the determination in the prior order (see CPLR 2221[e][2]). The affidavit supported the contention of the hospital and Boccio that they were prejudiced by Walter's delay in moving to be substituted as the administrator of Julia's estate. The affidavit indicated that records that were not in the possession of the hospital and Boccio would be relevant to their defense (see Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d at 798). The hospital and Boccio alleged that Tollinchi had never responded to their demand for authorizations to obtain such records, and Walter did not refute this allegation. Therefore, taking into consideration the expert's affidavit, there was a showing of prejudice to the hospital and Boccio, and this affidavit was not sufficient to change the original determination denying Walter's prior motion and granting that branch of the [*3]prior cross-motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against the hospital and Boccio (see id. §§ 1021, 2221[e][2]).
Nor was the Supreme Court's determination granting leave to renew warranted by the affirmation of John Tumelty. Walter's explanation for not submitting an affirmation from Tumelty in support of his prior motion or in opposition to the prior cross-motion demonstrated that Walter merely failed to "lay bare [his] proof" on the underlying motion and cross-motion, and that Walter was using his motion, inter alia, for leave to renew as a second chance to make his evidentiary presentation (JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d 794, 796 [internal quotation marks omitted]; see HSBC Bank USA, N.A. v Chapman, 209 AD3d 848, 849-850; Matter of Morris v City of New York, 132 AD3d 997, 999). Additionally, even if considered, Tumelty's affirmation was not sufficient to change the court's prior determination (see CPLR 2221[e][2]). Tumelty addressed only the delay between Tollinchi's death and the appointment of Walter as the successor administrator of Julia's estate. Tumelty did not address the subsequent two-year delay between Walter's appointment and his filing of the motion, in effect, to be substituted as the plaintiff in the action and for further relief. Therefore, Tumelty's affirmation did not address the issue of Walter's lack of diligence in filing his prior motion (see id. § 1021; Byner v Murray-Taylor, 208 AD3d at 1216).
Accordingly, the Supreme Court should have denied that branch of Walter's motion which was for leave to renew his prior motion and his opposition to that branch of the prior cross-motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against the hospital and Boccio.
The remaining contentions of the hospital and Boccio are not properly before this Court.
DILLON, J.P., CHAMBERS, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court