Mesniankina v 302 BBA, LLC (2023 NY Slip Op 04765)

Mesniankina v 302 BBA, LLC

2023 NY Slip Op 04765

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-01810 
 (Index No. 507066/13)

[*1]Yeva Mesniankina, respondent,
v
302 BBA, LLC, et al., appellants.

Weiner Millo Morgan & Bonanno, New York, NY (Scott F. Morgan of counsel), for appellant Nargis Rug Center, Inc.
William Pager, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Nargis Rug Center, Inc., appeals, and the defendants 302 BBA, LLC, LIMO 302, LLC, Lisa Young, Mark Young, and Morris Weiss separately appeal, from an order of the Supreme Court, Kings County (Debra Silber, J.), dated January 13, 2022. The order, insofar as appealed from by the defendant Nargis Rug Center, Inc., denied that branch of that defendant's motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it.
ORDERED that the appeal by the defendants 302 BBA, LLC, LIMO 302, LLC, Lisa Young, Mark Young, and Morris Weiss is dismissed as abandoned; and it is further,
ORDERED that the order is reversed insofar as appealed from by the defendant Nargis Rug Center, Inc., on the law and as a matter of discretion, and that branch of that defendant's motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nargis Rug Center, Inc.
In November 2013, Yeva Mesniankina (hereinafter the decedent) commenced this action against the defendant Nargis Rug Center, Inc. (hereinafter Nargis), and the defendants 302 BBA, LLC, LIMO 302, LLC, Lisa Young, Mark Young, and Morris Weiss (hereinafter collectively the 302 defendants), to recover damages for personal injuries she alleged she sustained in April 2013 when she tripped and fell on a defective sidewalk.
The decedent died on October 24, 2015, but the decedent's attorney did not notify the [*2]Supreme Court of the decedent's death until some time late in 2020 in response to a prior motion made by the 302 defendants to dismiss the complaint for the decedent's failure to appear for a deposition and an independent medical examination. In October 2021, Nargis moved, inter alia, pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to seek a timely substitution for the decedent. Letters of administration were issued on November 16, 2021, appointing Inna Kulikova administrator of the decedent's estate (hereinafter the plaintiff). The plaintiff opposed Nargis's motion, arguing, inter alia, that the motion was rendered unnecessary by the issuance of letters of administration appointing a representative for the decedent's estate.
In an order dated January 13, 2022, the Supreme Court, among other things, denied that branch of Nargis's motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to seek a timely substitution. Nargis appeals.
CPLR 1021 provides as follows: "A motion for substitution may be made by the successors or representatives of a party or by any party . . . . If the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made, however, such dismissal shall not be on the merits unless the court shall so indicate . . . . [I]f the event requiring substitution is the death of a party, and timely substitution has not been made, the court, before proceeding further, shall, on such notice as it may in its discretion direct, order the persons interested in the decedent's estate to show cause why the action or appeal should not be dismissed" (emphasis added).
In determining reasonableness, a court should consider the plaintiff's diligence in seeking substitution, prejudice to the other parties, and whether the action is shown to have potential merit (see Byner v Murray-Taylor, 208 AD3d 1214, 1216; Alejandro v North Tarrytown Realty Assoc., 129 AD3d 749, 750). Here, the unexplained, more than five-year delay in seeking letters of administration shows a lack of diligence (see Navas v New York Hosp. Med. Ctr of Queens, 180 AD3d 796, 798; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619). Further, no demonstration of a potentially meritorious cause of action was made. Neither the attorney affirmation, complaint, bill of particulars, nor supplemental bill of particulars constituted an affidavit of merit, as counsel had no personal knowledge of the facts of this case (see Byner v Murray-Taylor, 208 AD3d at 1216; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356). Since an affidavit of merit was not submitted and no reasonable justification for the delay in petitioning for letters of administration was provided, the Supreme Court should have granted that branch of Nargis's motion which was pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it (see Byner v Murray-Taylor, 208 AD3d at 1216; Rose v Frankel, 83 AD3d 607).
The plaintiff's remaining contention is improperly raised for the first time on appeal.
DUFFY, J.P., GENOVESI, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court