People v Breedlove (2024 NY Slip Op 00003)

People v Breedlove

2024 NY Slip Op 00003

Decided on January 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 4, 2024

113387
[*1]The People of the State of New York, Respondent,
v
Gerald L. Breedlove, Appellant.

Calendar Date:November 17, 2023

Before:Garry, P.J., Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Richard L. Herzfeld, New York City, for appellant.
Weeden A. Wetmore, District Attorney, Elmira (Philip A. Alvaro of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Chemung County (Richard W. Rich Jr., J.), rendered February 22, 2022, upon a verdict convicting defendant of the crimes of arson in the third degree and criminal mischief in the second degree.
In February 2021, defendant was charged by indictment with arson in the third degree, criminal mischief in the second degree and assault in the third degree — charges that stemmed from a domestic incident between himself and his then-girlfriend (hereinafter the victim). Following a jury trial and dismissal of the assault charge, defendant was convicted of the two remaining counts. He was subsequently sentenced, as a second felony offender, to a prison term of 7½ to 15 years for his arson conviction, along with a lesser concurrent sentence on his remaining conviction. Defendant appeals.
We initially reject defendant's various claims regarding the legal sufficiency of the evidence supporting his convictions. As charged here, "[a] person is guilty of arson in the third degree when he [or she] intentionally damages a building . . . by starting a fire or causing an explosion" (Penal Law § 150.10 [1]). "A person is guilty of criminal mischief in the second degree when with intent to damage property of another person, and having no right to do so nor any reasonable ground to believe that he [or she] has such right, he [or she] damages property of another person in an amount exceeding [$1,500]" (Penal Law § 145.10).
The People set forth proof at trial that, shortly before the incident, defendant left the victim and his two children stranded at a restaurant, angry with what he perceived to be flirtatious conduct by the victim toward a waiter and having physically threatened the victim. Defendant then sent the victim a series of vaguely threatening text messages, including that she "better hope that he take[s] u home." At 4:34 p.m., after the victim failed to respond, defendant messaged her "okay watch this" and, "after this, ur gonna need all ur n****s to help u." Surveillance video captured defendant driving toward the victim's residence at 4:45 p.m. Several of the victim's neighbors witnessed defendant at the residence just before the 5:00 p.m. fire, repeatedly entering the residence through the rear and removing belongings, while another male waited by the vehicle. Neighbors detected the fire moments after the men departed. The fire ultimately rendered the victim's residence uninhabitable, and it resulted in the death of one of her dogs. At 5:05 p.m., defendant messaged the victim, among other things, "[h]ope he was worth it." Later that evening, he texted, "I didn't mean for [the dog] to die" and "that's the only thing I feel bad about." The boots that defendant was wearing at the time of his arrest smelled of gasoline. He admitted to law enforcement that he was at the residence just before the fire but denied that he or the other male were involved. All natural and accidental causes of the fire were ruled out, and [*2]the People's fire investigator concluded that the fire originated on the back porch, where a flammable substance had been poured or placed. A snowblower with a completely empty gas tank was present nearby.
Contrary to defendant's assertion, "even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], quoting People v Williams, 84 NY2d 925, 926 [1994]). Applying that standard, the foregoing evidence was sufficient to establish defendant's guilt of arson in the third degree (see People v Lorenz, 211 AD3d 1109, 1110-1111 [3d Dept 2022], lv denied 39 NY3d 1112 [2023]; People v Marryshow, 162 AD3d 1313, 1315-1317 [3d Dept 2018]; cf. People v Alnutt, 107 AD3d 1139, 1143-1144 [3d Dept 2013], lv denied 22 NY3d 1136 [2014]). We also are unpersuaded that the value of property damage was not adequately established. The victim testified that her home had recently appraised at $70,000 and that none of the damage depicted in the photographic evidence of the crime scene existed prior to the fire. Those photographs reveal a structure and its contents with floor to ceiling, wall to wall, fire and smoke damage. In light of this evidence, common sense dictates that the magnitude of the damage was legally sufficient to meet the required $1,500 for criminal mischief in the second degree (see People v Garcia, 29 AD3d 255, 262-264 [1st Dept 2006], lv denied 7 NY3d 789 [2006]; see also People v Gordon, 161 AD3d 563, 563-564 [1st Dept 2018], lv denied 31 NY3d 1148 [2018]).
As defendant acknowledges, he failed to preserve his argument concerning County Court's response to a certain jury note, of which the parties were appropriately apprised (see People v Wideman, 192 AD3d 1384, 1386 [3d Dept 2021], affd 38 NY3d 1067 [2022]; People v Leonard, 177 AD3d 1158, 1162 [3d Dept 2019], lv denied 34 NY3d 1160 [2020]). We decline the request to exercise our interest of justice jurisdiction to take corrective action as to the alleged error.
Finally, although County Court sentenced defendant to the maximum permissible term of imprisonment for arson in the third degree (see Penal Law §§ 60.05 [6]; 70.06 [3] [c]; [4] [b]; 150.10), upon considering, among other factors, defendant's extensive criminal history, his persistent lack of remorse and the tragic consequences of his actions, we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]).
Egan Jr., Aarons, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.