**Hobbins v Linden Ctr. for Nursing & Rehabilitation**

2025 NY Slip Op 32113(U)

June 11, 2025

Supreme Court, Kings County

Docket Number: Index No. 521114/18

Judge: Genine D. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 80 of the Supreme Court of
the State of New York, held in and for the County
of Kings, at the Courthouse, at 360 Adams Street,
Brooklyn, New York, on the 11th day of June 2025.

P R E S E N T :

HON. GENINE D. EDWARDS,
                            Justice.
------------------------------------------------------------------------x

D'ANDRE HOBBINS, as Temporary Administrator of
the Estate of MARTEL HOBBINS, deceased,

                            Plaintiff,

            -against-

LINDEN CENTER FOR NURSING AND REHABILITATION;
LINDEN GARDENS NURSING AND REHABILITATION CENTER;
RUBY WESTON MANOR; ALLURE REHABILITATION SERVICES;
BROOKLYN GARDENS NURSING & REHABILITATION CENTER;
BISHOP HENRY B. HUCLES EPISCOPAL NURSING HOME;
THE BROOKLYN HOSPITAL CENTER; OLATUNDE OSOFISAN, M.D.;
FRANZILS SAINT-LOUIS, M.D., a/k/a DR. SAINT-LOUIS FRANTZ;
ROSELLE REYES, R.N.; MAGDOLIN SHENOUDA, P.T.;
ALLAN SANTIAGO, M.D.; HAO ZHANG, M.D.;
DIEDRICH HOLTKAMP, M.D.; NELISSA GARCES, R.N.;
AHMED GHANNEM, P.T.; SIMONE GORDON-HARDY, R.N.; and
JOHN DOE and JANE DOE, 1-10, being unknown unnamed defendants,

                            Defendants.
------------------------------------------------------------------------x[1]

DECISION AND ORDER ON REARGUMENT/RENEWAL

Index No. 521114/18

Mot. Seq. Nos. 28-29

The following e-filed papers read herein:          NYSCEF Doc Nos.:

Notice of Motion, Affirmations, and Exhibits.........................     645-649; 651-652; 695-714
Affirmations in Opposition and Exhibits....................................     660-664; 666-669; 671; 673; 675; 677; 678; 679-683
                                                                            684-686; 687; 688; 715; 716; 717; 718; 719; 721;
                                                                            723; 724; 726; 728; 730; 731; 734-735

In this action to recover damages for medical malpractice, D'Andre Hobbins (the

"former administrator"), as the then-acting temporary administrator of the Estate of his

late father, Martel Hobbins (the "patient"), separately moved[2] for an order:

---

[1] The caption herein corresponds to the amended caption set forth in the Court's Decision and Order,
dated December 4, 2022 (NYSCEF Doc No. 369).

[2] Notices of Motion, each dated May 9, 2024 (NYSCEF Doc Nos. 645 and 651, respectively).

[* 1]

(1) granting him leave, pursuant to CPLR 5701(c), to appeal the Court's Decision and Order, dated April 8, 2024 (the "prior order"),[3] and deeming his Notice of Appeal therefrom to be duly filed (Seq. No. 28);[4] and

(2) granting him leave, pursuant to CPLR 2221(d), to reargue the underlying motions (Seq. Nos. 19-27) which were granted by the prior order and, upon reargument, denying such motions (Seq. No. 29).

The former administrator filed and served the instant motions while his Letters of Temporary Administration ("LTAs"), dated November 15, 2023, remained in effect.[5] On May 10, 2024, or five days before their scheduled expiration, Surrogate's Court revoked the former administrator's LTAs.[6] On the same date, G. Wesley Simpson, P.C. ("Attorney Simpson"), ceased representing the former administrator in this action and in the latter's appeal from the prior order.[7]

Concurrently with relieving the former administrator of his duties, Surrogate's Court directed the issuance of the LTAs to the patient's surviving spouse, Carol Hobbins (the "successor administrator"). The successor administrator's LTAs, which are set to expire on November 1, 2025, were issued for the sole purposes of: (1) "[a]ppearing in [this action] as the estate's representative to re-argue [the] motions regarding dismissal of said action[ ]; (2) "[r]etain[ing] negligence/malpractice counsel to prosecute said action[ ] if restored to the Supreme Court's calendar"; and (3) "[r]etain[ing] appellate counsel to

---

[3] The prior order was first served with notice of entry on April 10, 2024 (NYSCEF Doc No. 616).

[4] The Notice of Appeal from the prior order was e-filed on May 9, 2024 (NYSCEF Doc No. 644).

[5] The former administrator's LTAs expired on May 15, 2024 (NYSCEF Doc No. 611).

[6] *Matter of Martel Hobbins*, Decision/Order, dated May 10, 2024, Sur Ct, Kings County, File Nos. 2021-5317/A and 2021-5317/B (NYSCEF Doc No. 712).

[7] Attorney Simpson's letter to the Court, dated May 22, 2024 (NYSCEF Doc No. 672). The former administrator's time to perfect his appeal from the prior order was extended to January 13, 2025. *See Hobbins v Linden Ctr. For Nursing & Rehabilitation*, Docket No. 2024-08404, Entry No. 6 (Order, dated November 13, 2024).

2

[* 2]

appeal if said action[ ] [is] dismissed by the Supreme Court."[8] The successor administrator retained Lori Anne Douglass (in place of Attorney Simpson) as her counsel.

While the instant motions were pending, the successor administrator's counsel filed and served her affirmation in further support of the instant motion for leave to reargue,[9] but did not seek leave to have her client substituted as the successor plaintiff in this action.[10] In her supporting affirmation, the successor administrator's counsel challenged some (but not all) of the Court's findings in the prior order that: (1) the former administrator was not diligent in seeking appointment following the patient's death on April 16, 2020 during the pendency of this action;[11] (2) the delay prejudiced defendants; and (3) the merits of the underlying claims were not demonstrated.[12] Like her predecessor Attorney Simpson, the successor administrator's counsel failed to address the substantive

---

[8] *Matter of Martel B. Hobbins*, Certificate of Appointment of Administrator, Sur Ct, Kings County, File No. 2021-5317/B (NYSCEF Doc No. 714).

[9] Affirmation in Support of Motion to Reargue, dated May 1, 2025 (NYSCEF Doc No. 695). The successor administrator's counsel did not join the former administrator's other pending motion which was for leave to appeal from the prior order, thus effectively abandoning it.

[10] While the former administrator's appeal from the prior order was pending, his counsel (Attorney Simpson), by letter, dated January 13, 2025, requested an extension of time to perfect the appeal on the successor administrator's behalf. *See Hobbins v Linden Ctr. For Nursing & Rehabilitation*, Docket No. 2024-08404, Entry No. 7. To date, Attorney Simpson's letter request remains outstanding. Because Attorney Simpson lacked the authority to act following the appointment of the successor administrator and her retention of new counsel, the appeal from the prior order is subject to dismissal. *See Constable v. Staten Is. Univ. Hosp.*, 221 A.D.3d 952, 198 N.Y.S.3d 604 (2d Dept. 2023).

[11] Patient's Death Transcript, dated July 14, 2020 (NYSCEF Doc No. 219).

[12] Prior Order, pages 5-6. The prior order emphasized (at pages 6 and 7) that:

> "[The former administrator] failed to obtain any affidavit of merit in anticipation of the motions[.] [Although] knowing that a showing of merit was required under CPLR § 1021, [the former administrator] instead filed bills of particulars. *The bills of particulars do not establish the basis of the claims against the defendants*. They do not set forth generally the dates the [patient] received care from the individual defendants[,] nor the alleged departures of the individual defendant.
>
> * * *
>
> [T]he prejudice to defendants, who, nine years after the alleged malpractice occurred, still have not been apprised of what acts of malpractice are being alleged against them, cannot be ignored."

*Hobbins v Linden Ctr. for Nursing & Rehabilitation*, 2024 N.Y. Slip Op. 31237(U) (Sup Ct, Kings County 2024) (italics added).

[* 3]

merits of the underlying claims; for example, by including a physician's affirmation attesting to their merits.

In turn, defendants interposed multiple objections to the former administrator's motions, as well as to the successor administrator's joinder to the motion for leave to reargue. On May 29, 2025, the Court reserved decision on both motions.

A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion but shall not include any matters of fact not offered on the prior motion." CPLR § 2221 (d) (2). "While the determination to grant leave to reargue lies within the sound discretion of the court, a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided, or to present arguments different from those originally presented." *Wells Fargo Bank, N.A. v. Weiss*, 237 A.D.3d 1003, ___ N.Y.S.3d ___ (2d Dept. 2025) (internal quotation marks and citation omitted).

Here, the former administrator's motion, although initially denominated as one for leave to *reargue*, evolved over time to encompass a request for leave to *renew*, based on the successor administrator's intervening appointment in place of the former administrator, and her interposition of an affirmation in further support. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination." CPLR § 2221 (e) (2). "A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation." *Flanagan v. Delaney*, 194 A.D.3d 694, 148 N.Y.S.3d 220 (2d Dept. 2021).

Here, both the former administrator and the successor administrator failed to show the potential merit of the underlying claims. "The underlying pleadings and bill of particulars do not alone establish the potential merit of the medical malpractice cause of action." *Navas v. New York Hosp. Med. Ctr. of Queens*, 180 A.D.3d 796, 119 N.Y.S.3d 543 (2d Dept. 2020). The failure of either administrator to submit an expert affirmation of merit of the underlying claims was fatal to their request for leave to reargue and renew.

4

*See Linyard v. Long Is. Coll. Hosp.*, 234 A.D.3d 677, 226 N.Y.S.3d 101 (2d Dept. 2025);
*Mesniankina v. 302 BBA, LLC*, 219 A.D.3d 1516, 196 N.Y.S.3d 769 (2d Dept. 2023);
*Byner v. Murray-Taylor*, 208 A.D.3d 1214, 174 N.Y.S.3d 751 (2d Dept. 2022); *Navas v.
New York Hosp. Med. Ctr. of Queens*, 180 A.D.3d 796, 119 N.Y.S.3d 543; *Green v.
Maimonides Med. Ctr.*, 172 A.D.3d 824, 101 N.Y.S.3d 343 (2d Dept. 2019); *Terpis v.
Regal Hgts. Rehabilitation & Health Care Ctr., Inc.*, 108 A.D.3d 618, 968 N.Y.S.2d 380
(2d Dept. 2013). *See also Tollinchi v. Jamaica Hosp. Med. Ctr.*, 216 A.D.3d 842,
189 N.Y.S.3d 240 (2d Dept. 2023); *Borruso v. New York Methodist Hosp.*, 84 A.D.3d
1293, 924 N.Y.S.2d 152 (2d Dept. 2011); *McDonnell v. Draizin*, 24 A.D.3d 628,
808 N.Y.S.2d 398 (2d Dept. 2005).[13]

In light of the foregoing, defendants' remaining contentions are academic and need not be addressed.

Accordingly, it is

ORDERED that the former administrator's motion for leave to appeal is *denied as abandoned*, and it is further

ORDERED that the former administrator's motion for leave to reargue, as was subsequently expanded by the successor administrator's affirmation in further support to encompass a motion for leave for renew, is *denied in its entirety in the Court's discretion*, and it is further

ORDERED that the Court's Decision and Order, dated April 8, 2024, remains in full force and effect, and it is further

---

[13] *Compare Barnes v. Wartburg Receiver, LLC*, ___ A.D.3d ___, ___ N.Y.S.3d ___, 2025 N.Y. Slip Op. 02901 (2d Dept. 2025) ("The administrator . . . demonstrated the existence of potentially meritorious causes of action through the submission of her expert's affidavit of merit and the pleadings."); *Hemmings v. Rolling Frito-Lay Sales, LP*, 220 A.D.3d 754, 197 N.Y.S.3d 561 (2d Dept. 2023) ("Here, where the decedent was awarded summary judgment on the issue of liability against the defendants, the action has potential merit."); *Petion v. New York City Health & Hosps. Corp.*, 175 A.D.3d 519, 109 N.Y.S.3d 426 (2d Dept. 2019) ("The plaintiffs . . . demonstrated that they have potentially meritorious causes of action through their expert's affidavit of merit, the pleadings, and the testimony of Marie Petion at the General Municipal Law § 50-h hearing."); *Tokar v. Weissberg*, 163 A.D.3d 1031, 83 N.Y.S.3d 76 (2d Dept. 2018) ("[The proposed administrator] sufficiently demonstrated that the action has potential merit.").

5

[* 5]

ORDERED that one or more of defendants' respective counsel is directed to electronically serve a copy of this Decision and Order with notice of entry on the other parties' respective counsel, and to electronically file an affidavit of service thereof with the Kings County Clerk.

This constitutes the Decision and Order of this Court.

ENTER,

Genine D. Edwards
J.S.C.

[* 6]