Watson v New York City Tr. Auth. (2025 NY Slip Op 05718)

Watson v New York City Tr. Auth.

2025 NY Slip Op 05718

Decided on October 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2024-04708
 (Index No. 12465/09)

[*1]Seigefred Watson, plaintiff, 
v
New York City Transit Authority, et al., appellants; Terry Watson, as administrator of the estate of Seigefred Watson, nonparty-respondent.

Anna J. Ervolina, Brooklyn, NY (Yolanda A. Ayala and Theresa A. Frame of counsel), for appellants.
Law Offices of Charles M. Hymowitz, P.C., Brooklyn, NY, for nonparty-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated January 26, 2024. The order granted the motion of nonparty Terry Watson, as administrator of the estate of Seigefred Watson, in effect, to lift a stay of the action imposed due to the death of the plaintiff, Seigefred Watson, to substitute himself as the party plaintiff in place of Seigefred Watson, and to amend the caption accordingly and, in effect, denied the defendants' application to dismiss the complaint for failure to seek a timely substitution for Seigefred Watson.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, in effect, denied the defendants' application to dismiss the complaint for failure to seek a timely substitution for the plaintiff, Seigefred Watson, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, the motion of Terry Watson, as administrator of the estate of Seigefred Watson, in effect, to lift the stay of the action imposed due to the death of the plaintiff, Seigefred Watson, to substitute himself as the party plaintiff in place of Seigefred Watson, and to amend the caption accordingly is denied, and the defendants' application to dismiss the complaint for failure to seek a timely substitution for Seigefred Watson is granted.
On February 21, 2008, the plaintiff, Seigefred Watson (hereinafter the decedent), allegedly was a passenger in a wheelchair who was riding a bus when the bus made a turn and his wheelchair tipped over. The decedent commenced this action in May 2009 to recover damages for personal injuries. He died on August 23, 2017, from causes unrelated to this accident.
On May 19, 2023, limited letters of administration for the decedent's estate were granted to Terry Watson (hereinafter the administrator). By notice of motion dated June 23, 2023, [*2]the administrator moved, in effect, to lift the stay of the action imposed due to the decedent's death, to substitute himself as the party plaintiff in place of the decedent, and to amend the caption accordingly. The defendants opposed the motion and sought dismissal of the complaint pursuant to CPLR 1021, arguing that the administrator had failed to seek substitution for the decedent within a reasonable time. By order dated January 26, 2024, the Supreme Court granted the administrator's motion and, in effect, denied the defendants' application. The defendants appeal.
"The death of a party divests the court of jurisdiction and stays the proceedings until a proper substitution has been made" (Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 756 [internal quotation marks omitted]). CPLR 1021 provides that "[a] motion for substitution may be made by the successors or representatives of a party or by any party" (id.) and requires that such substitution "be made within a reasonable time" (Petion v New York City Health & Hosps. Corp., 175 AD3d 519, 520). If substitution is not made within a reasonable time, "the action may be dismissed as to the party for whom substitution should have been made" (CPLR 1021). "[T]he determination of whether the timing is reasonable requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or the defense has potential merit" (Petion v New York City Health & Hosps. Corp., 175 AD3d at 520; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d at 757; Mesniankina v 302 BBA, LLC, 219 AD3d 1516, 1517).
Here, the administrator's protracted delay of almost six years in obtaining limited letters of administration so as to be substituted in this action, for which he provided no explanation in his initial motion papers and only an unsubstantiated, partial explanation in his reply attorney affirmation, demonstrated a lack of diligence. Furthermore, in this 16-year-old personal injury action, in which the deposition of the bus driver was never obtained, the administrator failed to rebut the defendants' showing of prejudice arising both from the passage of time and the unavailability of the bus driver. Finally, the administrator did not submit in support of his motion the complaint, a bill of particulars, deposition transcripts, or any proof at all as to the potential merit of the cause of action. Under these circumstances, the Supreme Court improvidently exercised its discretion in granting the administrator's motion and, in effect, denying the defendants' application to dismiss the complaint for failure to timely seek substitution (see Mesniankina v 302 BBA, LLC, 219 AD3d at 1517; Byner v Murray-Taylor, 208 AD3d 1214, 1216; Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 797-798).
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court