Jesan Constr. Group, LLC v Medford Ber, LLC (2025 NY Slip Op 07290)

Jesan Constr. Group, LLC v Medford Ber, LLC

2025 NY Slip Op 07290

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2023-04162
 (Index No. 511407/21)

[*1]Jesan Construction Group, LLC, respondent,
v
Medford Ber, LLC, et al., appellants.

Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Greg S. Zucker and Michael J. Gelfand of counsel), for appellants.
Murphy Schiller & Wilkes LLP, New York, NY (R. Brant Forrest and Anthony D. Capasso of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated February 23, 2023. The order granted the plaintiff's motion for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint, which had been granted in an order of the same court dated February 24, 2022, and, upon renewal, in effect, vacated the order dated February 24, 2022, and thereupon denied that branch of the defendants' prior motion.
ORDERED that the order dated February 23, 2023, is reversed, on the law, with costs, the plaintiff's motion for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint is denied, and the order dated February 24, 2022, is reinstated.
The plaintiff, a construction company, commenced this action against the defendants, inter alia, to recover damages for breach of a construction contract. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint. The plaintiff opposed the motion. In an order dated February 24, 2022 (hereinafter the February 2022 order), the Supreme Court granted that branch of the motion.
Thereafter, the plaintiff moved for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated February 23, 2023, the Supreme Court granted the plaintiff's motion, and, upon renewal, in effect, vacated the February 2022 order, and thereupon denied that branch of the defendants' prior motion. The defendants appeal.
"A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination . . . and shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][2], [3]). "'The new or additional facts presented either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of [*2]the original motion'" (Seror v Clearview Operating Co., LLC, 235 AD3d 1023, 1025, quoting Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891). "'While it may be within the court's discretion to grant leave to renew upon facts known to the moving party at the time of the prior motion, a motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (id., quoting Seegopaul v MTA Bus Co., 210 AD3d 715, 716; see Prudence v White, 144 AD3d 657, 657).
Here, the Supreme Court should have denied the plaintiff's motion for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint. The purported new facts submitted by the plaintiff consisted of a certain document that it had executed prior to commencing this action and, thus, were known to the plaintiff prior to the date it filed its opposition to the defendant's prior motion. The plaintiff failed to set forth a reasonable justification for failing to present the purported new facts with its opposition (see Seror v Clearview Operating Co., LLC, 235 AD3d 1023; JPMorgan Chase Bank, N.A. v Novis, 157 AD3d 776, 777; Cole-Hatchard v Grand Union, 270 AD2d 447, 447-448). The plaintiff's explanation for not including the purported new facts with its opposition to the defendant's prior motion demonstrated that it was using its motion for leave to renew as a second chance to make its evidentiary presentation (see Tollinchi v Jamaica Hosp. Med. Ctr., 216 AD3d 842, 845; HSBC Bank USA, N.A. v Chapman, 209 AD3d 848, 850).
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court