Marsh v Mandalay Leasing Ltd. Partnership (2026 NY Slip Op 00888)

Marsh v Mandalay Leasing Ltd. Partnership

2026 NY Slip Op 00888

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2024-05441
 (Index No. 726752/21)

[*1]Gina Marsh, appellant, 
vMandalay Leasing Limited Partnership, defendant, AMCO Group, Inc., respondent.

Budin, Reisman, Kupferberg & Bernstein, LLP, New York, NY (Gregory C. McMahon of counsel), for appellant.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (A. Augustus LaSala of counsel), for respondent.
Gallo Vitucci Klar LLP, New York, NY (Christopher H. Sommer of counsel), for defendant.

DECISION & ORDER
In an action to recover damages for personal injuries, the appeal is from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered February 20, 2024. The order, insofar as appealed from, granted that branch of the motion of the defendant AMCO Group, Inc., which was pursuant to CPLR 1021 to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2015, Gina Marsh (hereinafter the decedent) commenced this action against the defendants, Mandalay Leasing Limited Partnership and AMCO Group, Inc. (hereinafter AMCO), to recover damages for personal injuries she allegedly sustained in December 2014 when she tripped and fell on a tarp in the hallway of her apartment building.
The decedent died on November 2, 2017, and the decedent's attorney notified the Supreme Court of the decedent's death by letter dated March 29, 2018. In May 2023, AMCO moved, inter alia, pursuant to CPLR 1021 to dismiss the complaint for failure to seek a timely substitution for the decedent. Following receipt of AMCO's motion, the decedent's son filed a petition for letters of administration, dated June 2, 2023, and thereafter, the decedent's attorney filed papers in opposition to AMCO's motion. In an order entered February 20, 2024, the court, among other things, granted that branch of AMCO's motion which was pursuant to CPLR 1021 to dismiss the complaint. This appeal ensued.
"A motion for substitution pursuant to CPLR 1021 is the method by which the court acquires jurisdiction" over a deceased party's successors in interest, and such motion "is not a mere technicality" (Bossert v Ford Motor Co., 140 AD2d 480, 480; see Matter of Einstoss, 26 NY2d 181, 189-190; Green v Maimonides Med. Ctr., 172 AD3d 824). CPLR 1021 provides, in relevant part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made [*2]within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "The determination of reasonableness requires consideration of several factors, including the diligence of the party seeking substitution, the prejudice to the other parties, and whether the party to be substituted has shown that the action or defense has potential merit" (Green v Maimonides Med. Ctr., 172 AD3d at 826 [internal quotation marks omitted]; see Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757).
Here, there is no documentation that the decedent's counsel took any steps to substitute a representative for the decedent prior to receipt of AMCO's motion. The more than five-year delay in seeking letters of administration shows a lack of diligence (see Mesniankina v 302 BBA, LLC, 219 AD3d 1516, 1518; Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 798; Terpis v Regal Hgts. Rehabilitation & Health Care Ctr., Inc., 108 AD3d 618, 619). Moreover, the decedent failed to demonstrate a potentially meritorious cause of action. Neither the attorney affirmation, verified complaint, nor bill of particulars constituted an affidavit of merit, as counsel had no personal knowledge of the facts of this case (see Mesniankina v 302 BBA, LLC, 219 AD3d at 1518; Byner v Murray-Taylor, 208 AD3d 1214, 1216; Juseinoski v Board of Educ. of City of N.Y., 15 AD3d 353, 356). Since an affidavit of merit was not submitted and no reasonable justification for the delay in petitioning for letters of administration was provided, the Supreme Court properly granted that branch of AMCO's motion which was pursuant to CPLR 1021 to dismiss the complaint, even where the defendants were not prejudiced by the delay in moving for substitution (see Linyard v Long Is. Coll. Hosp., 234 AD3d 677, 679; Byner v Murray-Taylor, 208 AD3d at 1216; Rose v Frankel, 83 AD3d 607).
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court