Morton v North Shore Univ. Hosp. (2025 NY Slip Op 06702)

Morton v North Shore Univ. Hosp.

2025 NY Slip Op 06702

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-10981
 (Index No. 612307/19)

[*1]Mary Morton, etc., appellant, 
v
North Shore University Hospital, et al., respondents.

Levine & Grossman, Mineola, NY (Steven Sachs and Paul A. Montuori of counsel), for appellant.
Sheeley LLP, New York, NY (Jon D. Lichtenstein of counsel), for respondents Glengariff Rehabilitation & Health Care Center and Glengariff Corporation.
Fumuso, Kelly, Swart, Farrell, Polin & Christesen, LLP, Hauppauge, NY (Michelle C. Acosta of counsel), for respondent North Shore University Hospital.

DECISION & ORDER
In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff, Mary Morton, as attorney-in-fact for Arithia Smith, appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), dated July 18, 2023. The order, insofar as appealed from, (1) denied the plaintiff's motion, in effect, pursuant to CPLR 1021 for leave to substitute herself, as administrator of the estate of Arithia Smith, deceased, as plaintiff in the action and to amend the caption accordingly, (2) granted the motion of the defendants Glengariff Rehabilitation & Healthcare Center and Glengariff Corporation pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked the capacity, in effect, to prosecute the action, and (3) granted the motion of the defendant North Shore University Hospital pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to timely substitute an administrator of the estate of Arithia Smith as plaintiff in the action.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
In September 2019, the plaintiff, Mary Morton, as attorney-in-fact for Arithia Smith, commenced this action, inter alia, to recover damages for medical malpractice in connection with care rendered to Smith. By letter dated January 28, 2021, the plaintiff's attorney advised the Supreme Court that Smith had died on April 4, 2020. In January 2023, the defendants Glengariff Rehabilitation & Healthcare Center and Glengariff Corporation (hereinafter together the Glengariff defendants) moved pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them on the ground that the plaintiff lacked the capacity, in effect, to prosecute the action. On or about May 2, 2023, the defendant North Shore University Hospital (hereinafter NSUH) moved pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it for failure to timely substitute an administrator of Smith's estate as plaintiff in the action.
By petition dated May 9, 2023, the plaintiff sought letters of limited administration of Smith's estate, which the Surrogate's Court granted on May 31, 2023. On June 12, 2023, the plaintiff moved, in effect, pursuant to CPLR 1021 for leave to substitute herself, as administrator of Smith's estate, as plaintiff in the action and to amend the caption accordingly. In an order dated July 18, 2023, the Supreme Court, inter alia, denied the plaintiff's motion and granted the separate motions of the Glengariff defendants and NSUH. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion by denying her motion, in effect, pursuant to CPLR 1021 for leave to substitute herself, as administrator of Smith's estate, as plaintiff in the action and to amend the caption accordingly. CPLR 1021 provides, in pertinent part, that "[i]f the event requiring substitution occurs before final judgment and substitution is not made within a reasonable time, the action may be dismissed as to the party for whom substitution should have been made." "In determining reasonableness, a court should consider the plaintiff's diligence in seeking substitution, prejudice to the other parties, and whether the action is shown to have potential merit" (Byner v Murray-Taylor, 208 AD3d 1214, 1216).
Here, the record does not support a finding that the plaintiff acted diligently in seeking substitution after Smith's death. The plaintiff's proffered explanations for the delay in obtaining letters of limited administration were unsubstantiated and insufficient to constitute a reasonable excuse (see Linyard v Long Is. Coll. Hosp., 234 AD3d 677, 679; Byner v Murray-Taylor, 208 AD3d at 1216). Additionally, the plaintiff failed to sufficiently demonstrate the potential merit of the action (see Navas v New York Hosp. Med. Ctr. of Queens, 180 AD3d 796, 798; Green v Maimonides Med. Ctr., 172 AD3d 824, 826). Under these circumstances, the Supreme Court also properly granted the motion of the Glengariff defendants pursuant to CPLR 3211(a)(3) to dismiss the complaint insofar as asserted against them and NSUH's separate motion pursuant to CPLR 1021 to dismiss the complaint insofar as asserted against it even where the defendants were not prejudiced by the delay in moving for substitution (see Linyard v Long Is. Coll. Hosp., 234 AD3d at 679; Byner v Murray-Taylor, 208 AD3d at 1216; Rose v Frankel, 83 AD3d 607, 608).
The plaintiff's remaining contentions are either without merit or raised on appeal for the first time in her reply brief, and are not being considered, as they are not properly before this Court (see Fernandes v Fernandes, 235 AD3d 726; Deutsche Bank Natl. Trust Co. v Ellis, 225 AD3d 741, 742).
CONNOLLY, J.P., CHAMBERS, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court